1  **WO**

2

3

4                    IN THE UNITED STATES DISTRICT COURT

5                         FOR THE DISTRICT OF ARIZONA

6

7  In the Matter of Realia, Inc.,              )   No. CV 08-1588-PHX-JAT
                                               )
8           Debtor.                            )   BK No. 2:05-bk-15022-RTB
   ─────────────────────────────────────       )
9                                              )   ADV. No. 2:06-ap-00977-RTB
   Artesia, Inc.,                              )
10                                             )   **ORDER**
              Appellant,                       )
11 v.                                          )
                                               )
12 Roger W. Brown                              )
                                               )
13            Appellee.                         )
                                               )
14 ─────────────────────────────────────       )

15         Appellant Artesia, Inc. ("Artesia") appeals the bankruptcy court's order denying its

16 motion for relief from default judgment. (Appellant's Brief, Dkt #1.) The trustee, Roger W.

17 Brown, filed an Appellee's Brief on January 7, 2009 (Dkt. #11), and Artesia filed a Reply

18 on January 26, 2009.  (Dkt. #14.)  The Court now issues the following Order.

19 **I.    BACKGROUND**

20         On November 8, 2006, the trustee filed an adversary complaint against three named

21 defendants: Kraft Americas Holdings, Inc., a Delaware corporation ("Kraft"); The Artesia

22 Companies, Inc., a Delaware corporation ("Artesia Companies"); and Artesia, Inc., a

23 Delaware corporation ("Defendant Artesia, Inc.").[1]  The complaint sought to avoid any

24 alleged credits, purchase options and any and all other purported interests, claims, or contract

25

26         [1]It appears that the trustee intended to name Artesia as a defendant rather than
27 Defendant Artesia, Inc.  However, Artesia and Defendant Artesia, Inc. are not the same
   company.  Artesia is a Nevada corporation.  Apparently, there is no Delaware corporation
28 named "Artesia, Inc."

rights of the named defendants in and to the real property located at 115 N. Akers, Visalia, California 93291 (the "Property"), except for the interests of Artesia and Artesia Companies under their current leases.

On November 10, 2006, the trustee attempted service of the Summons and Complaint on Defendant Artesia, Inc., through The Company Corporation in Wilmington Delaware, which was believed to be its statutory agent.  After receiving no response, the trustee's counsel requested Entry of Default of Defendant Artesia, Inc. pursuant to Rule 7055 of the Federal Rules of Bankruptcy Procedure.  The clerk subsequently entered the default of Defendant Artesia, Inc. on December 19, 2006.

Thereafter, The Company Corporation returned the Summons and Complaint to trustee's counsel.  In response, the trustee caused the clerk to issue an alias summons.  The alias summons was addressed to the following defendant: "Kraft Americas Holdings Inc., et al."  The alias summons did not refer to or otherwise identify Artesia or Defendant Artesia, Inc. as a defendant.  On January 2, 2007, the alias summons and complaint were sent by first class, United States mail to three different locations: (1) Artesia's registered statutory agent, Corporate Service Center, Inc. ("CSCI"); (2) the Property addressed to "Diane Salazar, President."[2]; and (3) Artesia's Reno, Nevada corporate office addressed to "Diana Salazar, President."  The trustee obtained the addresses from the Nevada Corporation Commission's website.

On February 2, 2007, having received no response from Defendant Artesia, Inc., the trustee's counsel filed a supplemental affidavit with the bankruptcy court in support of his request for default against Defendant Artesia, Inc.  Thereafter, on February 6, 2007, the bankruptcy court entered a default judgment (the "Judgment") against Defendant Artesia, Inc., and on February 27, 2007, a certified copy of the Judgment was recorded in the Office of the Tulare County Recorder, State of California at Instrument Number 2007-0019606.

---

[2]Although identified as President of Artesia on the Nevada Corporation Commission's website, Diane Salazar was not, as of January 2, 2007, the president of or otherwise affiliated with Artesia. (Dkt. #8, Tab 19, p. 161.)

However, no copy of the Judgment was mailed or otherwise delivered to Artesia or its registered statutory agent.

On May 22, 2008, after allegedly first learning of the Judgment, Artesia filed its motion for relief from the default judgment. The bankruptcy court denied Artesia's motion by Order dated August 11, 2008. This is an appeal from that Order.

## II.    JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction pursuant to 28 U.S.C. § 158(a). Rule 8013 of the Federal Rules of Bankruptcy Procedure states:

> On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

Thus, this Court will review the Bankruptcy Court's conclusions of law *de novo*, but will not reverse the Bankruptcy Court's findings of fact unless they are clearly erroneous. *See In re Lazar*, 83 F.3d 306, 308 (9th Cir. 1996).

## III.    DISCUSSION

Artesia argues that the entry of default and Judgment are void. "[S]ince service of process is the means by which a court asserts jurisdiction to adjudicate the rights of a party, it is uniformly held that a judgment is void where the requirements for effective service have not been met." *Combs v. Nick Garin Trucking*, 825 F.2d 437, 442 (D.C. Cir. 1987). Thus, if service of process was defective or insufficient, the entry of default and Judgment are void due to the bankruptcy court's lack of personal jurisdiction over Artesia. *See Veeck v. Commodity Enters.*, 487 F.2d 423, 425-26 (9th Cir. 1973) (reversing district court's denial of motion to set aside default judgment and quash service of process because service of process was ineffective and citing Rule 55(c) in so doing); *see also Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992) ("A person is not bound by a judgment in a litigation to which he or she has not been made a party by service of process."). Therefore, the Court must consider whether service of process was effective.

Under Rule 7004 of the Federal Rules of Bankruptcy Procedure, a domestic corporation can be served by delivering or mailing a copy of the summons and complaint to: (1) an officer; (2) a managing or general agent; or (3) any other agent authorized by appointment or by law to receive service of process.  Fed.R.Bankr.P. 7004(b)(3).  When serving by mail, service is considered complete when mailed.  *Matter of Coggin*, 30 F.3d 1443, 1449-50 (11th Cir. 1994).  Further, "when the sender presents proof that the item was properly addressed, stamped, and sent through the United States mail," there is a presumption that the item was received by the addressee.  *In re Reaves*, 396 B.R. 708, 715 (Bankr.W.D.Tenn. 2008).  Such presumption may be rebutted by testimony of non-receipt.  *Id.*  However, " a party must do more than merely assert that it did not receive the mailing; its testimony or affidavit of non-receipt is insufficient, standing alone, to rebut the presumption."  *In re Outboard Marine Corp.*, 359 B.R. 893, 898 (Bankr.N.D.Ill. 2007), *citing In re Ms. Interpret*, 222 B.R. 409, 413 (Bankr.S.D.N.Y. 1998).  "Specifically, a party may rebut the presumption if it presents testimony that the mail was not received as well as evidence that the party uses a standardized process for receiving mail."  *In re Outboard Marine Corp.*, 369 B.R. 353, 359-60 (Bankr.N.D.Ill. 2007).

Here, Artesia offered a declaration to rebut the presumption of receipt of the summons and complaint.  Artesia's president, Sara Springer, attested that she was the president of Artesia in January 2007, and she never received the summons or complaint.  Further, she stated that it is Artesia's policy that "any mail addressed to a former officer of [Artesia] is opened by the new officer of [Artesia]."  This declaration is sufficient to rebut the presumption that Artesia received the trustee's summons and complaint.  Not only did Ms. Springer swear that she did not receive the summons, she also described the procedure for processing mail addressed to former officers of Artesia.  The trustee has not come forward with any evidence to contradict this declaration; he merely relies on the presumption.  Thus, the trustee's service on Artesia at the Property and Artesia's Reno, Nevada corporate office was not effective.

1    The trustee also attempted to effect service on Artesia by mailing a copy of the
2    summons and complaint to its registered statutory agent, CSCI. Artesia does not contend that
3    CSCI was not its statutory agent. However, Artesia argues that the summons and complaint
4    were insufficient to put CSCI on notice that Artesia was actually being sued; the Court
5    agrees.[3] In the instant case, the summons delivered to CSCI named "Kraft Americas
6    Holdings, Inc., et al." as the defendant. The summons did not refer to Artesia or Defendant
7    Artesia, Inc. in any way.

8    The trustee contends that errors of this nature are technical and curable defects
9    routinely allowed *nunc pro nunc* provided that Artesia had adequate notice of the
10   proceedings and has not been prejudiced. *See Barsten v. Department of the Interior*, 896
11   F.2d 422, 423 (9th Cir. 1990) ("a suit at law is not a children's game, but a serious effort on
12   the part of adult human beings to administer justice; and the purpose of the process is to bring
13   parties into court. If it names them in such terms that every intelligent person understands
14   who is meant . . . it has fulfilled its purpose . . . ."). The trustee argues that since CSCI was
15   also served with the complaint which named Defendant Artesia, Inc., CSCI should have
16   understood that the document were intended for Artesia. *See id.* ("even if an improper
17   defendant is indicated in the caption, [the Court] may consider a complaint to have named
18   the proper defendant 'if the allegations made in the body of the complaint make it plain that
19   the party is intended as a defendant.') (citations omitted). However, in reviewing the record,
20   the Court cannot find, nor does the trustee point to, any evidence to indicate that CSCI is
21   sufficiently aware of Artesia's business that the body of the complaint would be sufficient
22   to put CSCI on notice that Artesia, a Nevada corporation, was the party being sued rather
23   than Defendant Artesia, Inc., a Delaware corporation. As such, the Court finds that defects

24

25

26   [3]Artesia also argues that the summons and complaint were not actually received by
27   CSCI. However, Artesia fails to present sufficient evidence to rebut the presumption that
     CSCI received the documents given that the documents were properly addressed, stamped
28   and sent through the United States mail.

1  in the summons and complaint are not technical and curable.  Accordingly, the trustee's

2  service of process through CSCI, Artesia's registered statutory agent, was not effective.

3       The trustee also argues that the bankruptcy court's denial of Artesia's motion for relief

4  from default judgment was proper because Artesia did not file its motion within a reasonable

5  time.  Rule 60 of the Federal Rules of Civil Procedure provides, in pertinent part: "[a] motion

6  under Rule 60(b) must be made within a reasonable time . . . ."  Fed.R.Civ.P. 60(c)(1).

7  However, "[t]here is no time limit on a Rule 60(b)(4) motion to set aside a judgment as

8  void."  *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987), *citing* 11 C.

9  Wright & Miller, *Federal Practice and Procedure*, § 2862, Rule 60 (1973).  Further, even

10 if the reasonable time requirement applied, Artesia filed its motion within a reasonable time

11 because it has stated that it had no notice of the Judgment until late 2007.  Upon discovering

12 the Judgment, Artesia filed its motion for relief on May 22, 2008.  As such, the Court finds

13 Artesia filed its motion for relief within a reasonable time.

14 **IV.   CONCLUSION**

15      The Court finds that service of process was not effective on Artesia.  Because the

16 trustee failed to effect service on Artesia, the bankruptcy court did not have personal

17 jurisdiction over Artesia, and the Judgment entered by the bankruptcy court is void.

18      **IT IS THEREFORE ORDERED** reversing the bankruptcy court's order denying

19 Artesia's motion for relief from default judgment.

20      **IT IS FURTHER ORDERED** vacating the entry of default and default judgment

21 against Artesia pursuant to Fed.R.Civ.P. 60(b)(4).

22      **IT IS FURTHER ORDERED** remanding this case for further proceedings.

23      DATED this 19th day of March, 2009.

24

25

26      _____
        James A. Teilborg
        United States District Judge

27

28