**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In the Matter of Realia, Inc.,           )<br>                                                    )<br>         Debtor.                            )<br>_____)<br>                                                    )<br>Artesia, Inc.,                                )<br>                                                    )<br>         Appellant,                         )<br>                                                    )<br>v.                                                  )<br>                                                    )<br>Roger W. Brown                          )<br>                                                    )<br>         Appellee.                          )<br>                                                    )<br>_____) | No. CV 08-1588-PHX-JAT<br><br>BK No. 2:05-bk-15022-RTB<br><br>ADV. No. 2:06-ap-00977-RTB<br><br>**AMENDED ORDER** |

This Amended Order replaces and supersedes the Order previously entered by the Court on March 20, 2009 at Docket #17.

**I.     BACKGROUND**

On November 8, 2006, the trustee filed an adversary complaint against three named defendants: Kraft Americas Holdings, Inc., a Delaware corporation ("Kraft"); The Artesia Companies, Inc., a Delaware corporation ("Artesia Companies"); and Artesia, Inc., a Delaware corporation ("Defendant Artesia, Inc.").[1]  The complaint sought to avoid any alleged credits, purchase options and any and all other purported interests, claims, or contract

---

[1] It appears that the trustee intended to name Artesia as a defendant rather than Defendant Artesia, Inc. However, Artesia and Defendant Artesia, Inc. are not the same company. Artesia is a Nevada corporation. Apparently, there is no Delaware corporation named "Artesia, Inc."

1  rights of the named defendants in and to the real property located at 115 N. Akers, Visalia,
2  California 93291 (the "Property"), except for the interests of Artesia and Artesia Companies
3  under their current leases.

4        On November 10, 2006, the trustee attempted service of the Summons and Complaint
5  on Defendant Artesia, Inc., through The Company Corporation in Wilmington Delaware,
6  which was believed to be its statutory agent.  After receiving no response, the trustee's
7  counsel requested Entry of Default of Defendant Artesia, Inc. pursuant to Rule 7055 of the
8  Federal Rules of Bankruptcy Procedure.  The clerk subsequently entered the default of
9  Defendant Artesia, Inc. on December 19, 2006.

10       Thereafter, The Company Corporation returned the Summons and Complaint to
11 trustee's counsel.  In response, the trustee caused the clerk to issue an alias summons.  The
12 alias summons was addressed to the following defendant: "Kraft Americas Holdings Inc., et
13 al."  The alias summons did not refer to or otherwise identify Artesia or Defendant Artesia,
14 Inc. as a defendant. On January 2, 2007, the alias summons and complaint were sent by first
15 class, United States mail to three different locations: (1) Artesia's registered statutory agent,
16 Corporate Service Center, Inc. ("CSCI"); (2) the Property addressed to "Diane Salazar,
17 President."[2]; and (3) Artesia's Reno, Nevada corporate office addressed to "Diana Salazar,
18 President."  The trustee obtained the addresses from the Nevada Corporation Commission's
19 website.

20       On February 2, 2007, having received no response from Defendant Artesia, Inc., the
21 trustee's counsel filed a supplemental affidavit with the bankruptcy court in support of his
22 request for default against Defendant Artesia, Inc.  Thereafter, on February 6, 2007, the
23 bankruptcy court entered a default judgment (the "Judgment") against Defendant Artesia,
24 Inc., and on February 27, 2007, a certified copy of the Judgment was recorded in the Office
25 of the Tulare County Recorder, State of California at Instrument Number 2007-0019606.
26

27       [2]Although identified as President of Artesia on the Nevada Corporation Commission's website, Diane Salazar was not, as of January 2, 2007, the president of or otherwise affiliated
28 with Artesia. (Dkt. #8, Tab 19, p. 161.)

- 2 -

1  However, no copy of the Judgment was mailed or otherwise delivered to Artesia or its
2  registered statutory agent.
3        On May 22, 2008, after allegedly first learning of the Judgment, Artesia filed its
4  motion for relief from the default judgment. The bankruptcy court denied Artesia's motion
5  by Order dated August 11, 2008. This is an appeal from that Order.

## II. JURISDICTION AND STANDARD OF REVIEW

7        This Court has jurisdiction pursuant to 28 U.S.C. § 158(a). Rule 8013 of the Federal
8  Rules of Bankruptcy Procedure states:

> On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

13  Thus, this Court will review the Bankruptcy Court's conclusions of law *de novo*, but
14  will not reverse the Bankruptcy Court's findings of fact unless they are clearly erroneous.
15  *See In re Lazar*, 83 F.3d 306, 308 (9th Cir. 1996).

## III. DISCUSSION

17        Artesia argues that the entry of default and Judgment are void. "[S]ince service of
18  process is the means by which a court asserts jurisdiction to adjudicate the rights of a party,
19  it is uniformly held that a judgment is void where the requirements for effective service have
20  not been met." *Combs v. Nick Garin Trucking*, 825 F.2d 437, 442 (D.C. Cir. 1987). Thus,
21  if service of process was defective or insufficient, the entry of default and Judgment are void
22  due to the bankruptcy court's lack of personal jurisdiction over Artesia. *See Veeck v.
23  Commodity Enters.*, 487 F.2d 423, 425-26 (9th Cir. 1973) (reversing district court's denial
24  of motion to set aside default judgment and quash service of process because service of
25  process was ineffective and citing Rule 55(c) in so doing); *see also Mason v. Genisco Tech.
26  Corp.*, 960 F.2d 849, 851 (9th Cir. 1992) ("A person is not bound by a judgment in a
27  litigation to which he or she has not been made a party by service of process."). Therefore,
28  the Court must consider whether service of process was effective.

Under Rule 7004 of the Federal Rules of Bankruptcy Procedure, a domestic corporation can be served by delivering or mailing a copy of the summons and complaint to: (1) an officer; (2) a managing or general agent; or (3) any other agent authorized by appointment or by law to receive service of process. Fed.R.Bankr.P. 7004(b)(3). When serving by mail, service is considered complete when mailed. *Matter of Coggin*, 30 F.3d 1443, 1449-50 (11th Cir. 1994). Further, "when the sender presents proof that the item was properly addressed, stamped, and sent through the United States mail," there is a presumption that the item was received by the addressee. *In re Reaves*, 396 B.R. 708, 715 (Bankr.W.D.Tenn. 2008). Such presumption may be rebutted by testimony of non-receipt. *Id.* However, " a party must do more than merely assert that it did not receive the mailing; its testimony or affidavit of non-receipt is insufficient, standing alone, to rebut the presumption." *In re Outboard Marine Corp.*, 359 B.R. 893, 898 (Bankr.N.D.Ill. 2007), *citing In re Ms. Interpret*, 222 B.R. 409, 413 (Bankr.S.D.N.Y. 1998). "Specifically, a party may rebut the presumption if it presents testimony that the mail was not received as well as evidence that the party uses a standardized process for receiving mail." *In re Outboard Marine Corp.*, 369 B.R. 353, 359-60 (Bankr.N.D.Ill. 2007).

Here, Artesia offered a declaration to rebut the presumption of receipt of the summons and complaint. Artesia's president, Sara Springer, attested that she was the president of Artesia in January 2007, and she never received the summons or complaint. Further, she stated that it is Artesia's policy that "any mail addressed to a former officer of [Artesia] is opened by the new officer of [Artesia]." This declaration is sufficient to rebut the presumption that Artesia received the trustee's summons and complaint. Not only did Ms. Springer swear that she did not receive the summons, she also described the procedure for processing mail addressed to former officers of Artesia. The trustee has not come forward with any evidence to contradict this declaration; he merely relies on the presumption. Thus, the trustee's service on Artesia at the Property and Artesia's Reno, Nevada corporate office was not effective.

The trustee also attempted to effect service on Artesia by mailing a copy of the summons and complaint to its registered statutory agent, CSCI. Artesia does not contend that CSCI was not its statutory agent. However, Artesia argues that the summons and complaint were insufficient to put CSCI on notice that the summons and complaint were actually directed to Artesia, and therefore service of process was insufficient to give notice of the litigation against Artesia; the Court agrees.[3] Rule 4 of the Federal Rule of Civil Procedure provides that: "A summons must: . . . be directed to the defendant . . . ." Fed.R.Civ.P. 4(a)(1)(B). In the instant case, the summons delivered to CSCI named "Kraft Americas Holdings, Inc., et al." as the defendant. The summons did not refer to Artesia or Defendant Artesia, Inc. in any way.

The trustee contends that errors of this nature are technical and curable defects routinely allowed *nunc pro nunc* provided that Artesia had adequate notice of the proceedings and has not been prejudiced. *See Barsten v. Department of the Interior*, 896 F.2d 422, 423 (9th Cir. 1990) ("a suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of the process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant . . . it has fulfilled its purpose . . . ."). The trustee argues that since CSCI was also served with the complaint which named Defendant Artesia, Inc., CSCI should have understood that the document were intended for Artesia. *See id.* ("even if an improper defendant is indicated in the caption, [the Court] may consider a complaint to have named the proper defendant 'if the allegations made in the body of the complaint make it plain that the party is intended as a defendant.') (citations omitted). However, in reviewing the record, the Court cannot find, nor does the trustee point to, any evidence to indicate that CSCI is sufficiently aware of Artesia's business that the body of the complaint would be sufficient

---

[3]Artesia also argues that the summons and complaint were not actually received by CSCI. However, Artesia fails to present sufficient evidence to rebut the presumption that CSCI received the documents given that the documents were properly addressed, stamped and sent through the United States mail.

1  to put CSCI on notice that Artesia, a Nevada corporation, was the party being sued rather
2  than Defendant Artesia, Inc., a Delaware corporation.  As such, the Court finds that defects
3  in the summons and complaint are not technical and curable.  Accordingly, the trustee's
4  service of process through CSCI, Artesia's registered statutory agent, was not effective.

5  The trustee also argues that the bankruptcy court's denial of Artesia's motion for relief
6  from default judgment was proper because Artesia did not file its motion within a reasonable
7  time.  Rule 60 of the Federal Rules of Civil Procedure provides, in pertinent part: "[a] motion
8  under Rule 60(b) must be made within a reasonable time . . . ."  Fed.R.Civ.P. 60(c)(1).
9  However, "[t]here is no time limit on a Rule 60(b)(4) motion to set aside a judgment as
10 void."  *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987), *citing* 11 C.
11 Wright & Miller, *Federal Practice and Procedure*, § 2862, Rule 60 (1973).  Further, even
12 if the reasonable time requirement applied, Artesia filed its motion within a reasonable time
13 because it has stated that it had no notice of the Judgment until late 2007.  Upon discovering
14 the Judgment, Artesia filed its motion for relief on May 22, 2008.  As such, the Court finds
15 Artesia filed its motion for relief within a reasonable time.

16 **IV.  CONCLUSION**

17 The Court finds that service of process was not effective on Artesia.  Because the
18 trustee failed to effect service on Artesia, the bankruptcy court did not have personal
19 jurisdiction over Artesia, and the Judgment entered by the bankruptcy court is void.

20 **IT IS THEREFORE ORDERED** reversing the bankruptcy court's order denying
21 Artesia's motion for relief from default judgment.

22 **IT IS FURTHER ORDERED** vacating the entry of default and default judgment
23 against Artesia pursuant to Fed.R.Civ.P. 60(b)(4).

24 **IT IS FURTHER ORDERED** remanding this case for further proceedings.

25 ///
26 ///
27 ///
28

**IT IS FURTHER ORDERED** that this Order shall serve as the mandate of the Court.

DATED this 23rd day of March, 2009.

_____
James A. Teilborg
United States District Judge